# Rickner PLLC

Stephanie Panousieris | stephanie@ricknerpllc.com

December 19, 2024

**Via ECF**
Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:    *Green et al. v. City et al.* 1:24-cv-01864-AS

Your Honor:

> Plaintiffs' request for leave to amend the complaint is GRANTED. Plaintiff must file the amended complaint by December 31, 2024. The request for a discovery extension is also GRANTED. Discovery will close February 28, 2025. Post-discovery dispositive motions must be filed by March 21, 2025, with opposition papers due April 4, 2025, and replies due April 11, 2025. The Court will not bifurcate discovery. If the city wants to move to bifurcate the issues for purposes of trial, it can do so at the appropriate juncture. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 32.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: December 20, 2024

We represent the Plaintiffs in the above-referenced matter and write, jointly with Defendants, to respectfully request: (1) a Rule 37.2 conference to discuss outstanding discovery; (2) that Plaintiffs be granted leave to amend to add additional Defendants identified in paper discovery; and (3) an extension of the discovery schedule, which currently closes on December 31, 2024. This is Plaintiffs' second request for a discovery conference and first request to amend, and the parties' first request for an extension of the overall discovery schedule. Defendants join in Plaintiffs' request for an enlargement of the fact discovery schedule, and Defendants' positions on the remaining issues are set forth briefly below.

## OUTSTANDING DISCOVERY

**Plaintiffs:** Defendants made their first production of documents on November 22, 2024, and subsequently produced a privilege log on December 2. The parties conferred by phone on December 10 and 18, and continue to work together in an effort to resolve deficiencies in the record. I have provided a list of missing items to counsel for the City, which includes: (1) NYPD arrest and custodial documents; (2) Defendants' disciplinary records; (3) limited *Monell* discovery; and (4) unredacted ACS Records.

Counsel for the City represents that he is working to obtain the first two items on this list, and anticipates supplemental disclosures will be made by Friday, December 20, 2024. The parties have also executed Your Honor's stipulated protective order to enable the disclosure of an unredacted version of the ACS records previously provided to Plaintiffs. Specifically, Defendants' disclosures redact the names of the involved children, complaining witnesses, family, and several ACS employees. However, Plaintiffs have not received a final response from Defendants concerning their position on reproducing the unredacted records under the protective order.

Finally, the parties have reached an impasse on *Monell* discovery. Plaintiffs served a very limited set of *Monell* demands[1] on August 30, 2024. The demands seek historical records concerning the

---

[1] The demands requested historical records involving the Individual Defendants in this action, and thus could be categorized as basic document discovery rather than *Monell* discovery. Now that Plaintiffs are finally in receipt of incident records, counsel will promptly serve supplementary *Monell* demands addressing those issues identified in the documents. Plaintiffs bring this issue to the Court both to obtain responses to the outstanding demands, and to advise the Court that the parties are at an impasse concerning the exchange of any *Monell* discovery.

City and Defendants' policies and procedures with respect to the emergency removal of children by ACS, along with prior claims and lawsuits against the agency and the Induvial Defendants. Defendants' November 22 disclosures do not include any records responsive these demands. The City requested bifurcation for the first time on December 17, 2024. Plaintiffs do not agree to bifurcate, and submit that any request to do so should have been made at the start of discovery, rather than just before the scheduled close thereof. Plaintiffs therefore request an order directing Defendants to respond to *Monell* demands.

**Defendant:** The parties met and conferred on December 10 and 18, 2024. On December 10, Plaintiffs requested Defendants' position on *Monell* discovery. In email correspondence on December 17, Defendants proposed that bifurcating *Monell* discovery was the most sensible and efficient way forward here. Defendants' November 22, 2024 document production included, among other things, thousands of pages of Defendants' training and policy materials requested by Plaintiffs. Here, Plaintiffs have not yet specified which policy or procedure was the "moving force" behind the alleged violations described in the complaint. *Vippolis v. Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). Defendants have not signaled their refusal to produce *Monell* discovery, but rather had proposed bifurcation as the most efficient means of structuring discovery in this action. For this reason, Defendants intend to move to bifurcate *Monell* discovery and object to providing it at this juncture. Since Plaintiffs do not consent to the bifurcation of *Monell* discovery, Defendants hereby respectfully request leave to make that motion.

Defendants' counsel has advised Plaintiffs that he will be out of the office the week of December 23 for holiday travel, but will be available to participate in a discovery conference the weeks of December 30, 2024 or January 6, 2025.

With respect to the Plaintiffs' request for unredacted ACS records, Defendants are conferring with ACS counsel to determine a workable means of providing unredacted files consistent with relevant privacy regulations and ACS policies.

### PLAINTIFFS' REQUEST FOR LEAVE TO AMEND

**Plaintiffs:** Upon receipt of Defendants' first set of disclosures, undersigned counsel identified at least two additional proper Defendants to join to this suit. While we are well within the three-year statute of limitations for Plaintiffs' § 1983 claims, which expires in July 2025, we are outside the time to amend provided by the scheduling order (Dkt. 27). Thus, Plaintiffs respectfully request leave amend to add these newly identified parties, on or before December 31, 2024. A redlined copy of the amendment will be provided to Defendants' counsel for his review prior to filing.

**Defendant:** Defendants have met and conferred with Plaintiffs regarding Plaintiffs' intention to seek leave to amend the Complaint. Defendants are generally amenable to Plaintiffs filing an Amended Complaint, especially should the Court grant the parties' discovery extension request below. The revised discovery schedule outlined below will allow sufficient time for any new defendants to be served and to secure legal representation, (including from the Corporation Counsel), and for any additional related discovery regarding new defendants.

Rickner PLLC

**JOINT REQUEST FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY**

As anticipated by Plaintiffs' first letter motion for a Rule 37.2 conference (Dkt. 30), the parties are unable to complete discovery by the current December 31, 2024 deadline for several reasons.

*First,* document discovery, including *Monell*, is outstanding, as outlined above, and the parties require judicial intervention to resolve remaining disputes.

*Second*, depositions have not yet been held. While the parties scheduled depositions to begin on December 18, 2024, the witness had a last minute emergency and could not attend. Defendants offered the same witness, Tyesha Williams, for a deposition on December 19, but Plaintiffs had already scheduled other commitments and were not available. Should the Court grant the parties' request for an extension, the parties have already conferred concerning their intent to hold all depositions in the month of January. The delay in holding depositions arose from the delay in document production, which Plaintiffs' required prior to deposing Defendants.

*Third*, Plaintiffs' amendment and joinder of additional Defendants in this action will require time for the City to conduct representation interviews and answer on their behalf. If the Court grants the request to file an amendment, Plaintiffs will promptly serve the complaint, but the new parties may not appear for an additional 90 days. *See* FRCP 4(m). The parties anticipate that the current discovery deficiencies will be resolved promptly after a conference with the Court. When the new parties join, we hope that only their depositions will remain.

While the Court indicated in its last discovery order (Dkt. 31) that it is not inclined to grant an extension of more than a few weeks, the parties submit that the foregoing constitutes good cause for a more substantial extension of time, namely to account for the joinder of new parties. Plaintiffs respectfully request an extension of at least 45 days, while, in light of the forthcoming amended complaint and supplemental *Monell* discovery demands, Defendants request a 60 day extension. The parties are mindful of the Court's hesitation in granting such an extension, and, if the request is granted, we will work diligently to complete outstanding discovery as expeditiously as possible.

In the interim, the parties continue to engage in informal settlement discussions. Plaintiff provided at opening demand to Defendants on July 26, 2024, and are awaiting an offer from Defendants. Defendants are working expeditiously to receive settlement authority and expect to be in position to commence settlement discussions after the Christmas and New Year's Eve holidays.

We thank the Court for its time and consideration of these requests.

Sincerely,

_____
Stephanie Panousieris, Esq.
*Attorney for Plaintiffs*

*/s/ Eric B. Hiatt*
Eric B. Hiatt, Esq.
Assistant Corporation Counsel *Attorney for Defendants*

212-300-6506 | 14 WALL STREET, SUITE 1603 NEW YORK, NY 10005 | RICKNERPLLC.COM